UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Peixia Chen | Civil Action No. 4:25-cv-01171 |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **DOLLARSIGN LIMITED,** | |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Peixia Chen ("CHEN") submits the following Complaint against Defendant DOLLARSIGN LIMITED ("DL") for infringement of U.S. Patent Nos. 11,766,622 (the "'622 Patent") and 12,151,182 (the "'182 Patent") (collectively, the "Asserted Patents") either literally or under the doctrine of equivalents. CHEN alleges as follows:

### NATURE OF THE ACTION

1.      For years, CHEN has continuously engaged in the design, development, manufacture, promotion, and sale of magnetic building block toys. CHEN has invested substantial resources into the research, design, and development of these products and has established Toylogy as a leading brand in the magnetic building block market.

2.      Since as early as September 2021, CHEN has sold magnetic building block products on Amazon under the Toylogy brand. To improve manufacturing efficiency and product quality, CHEN began developing a new generation of internal structure design in May 2022, completed prototype design and validation in August 2022, and initiated mold production in

October 2022. On December 28, 2022, Chen filed a Chinese patent application for this improved design, followed by a corresponding U.S. patent application on January 18, 2023. On September 26, 2023, the United States Patent and Trademark Office duly and lawfully issued the '622 Patent.

3.    Building upon the '622 Patent, CHEN further optimized the mold configuration to enhance structural universality, durability, and production efficiency. This improvement was filed on August 14, 2023, and the United States Patent and Trademark Office duly and lawfully issued the '182 Patent on November 26, 2024.

4.    CHEN offers for sale her magnetic building block products on Amazon.com, which embody and practice the utility inventions protected under the Asserted Patents. CHEN has developed a strong reputation supported by consistent positive reviews and consumer recognition. CHEN's products are known for their distinctive patented structure and engineering design. The utility innovations protected by the Asserted Patents provide superior manufacturing efficiency and magnetic stability and have achieved popularity among consumers for their quality and safety. Magnetic building block toys incorporating these patented inventions have become synonymous with Toyology's creativity and technical excellence. The technology protected by the Asserted Patents has become a signature element of CHEN's innovation strategy, reinforcing her market reputation as a leader in the development of advanced magnetic construction toys. As a result, products practicing these patented inventions are widely recognized and exclusively associated by consumers, the public, and the trade as originating from CHEN.

5.    CHEN maintains strict oversight of the manufacturing and distribution of her patented technology products to ensure consistent quality and authenticity. The goodwill associated with these patented products constitutes a significant and irreplaceable part of CHEN's brand value and business reputation.

6.    CHEN discovers that, starting in October 2024, DL has benefitted by incorporating

innovations pioneered and developed by CHEN into its products (the "Infringing Products").

7.      On information and belief, DL makes, imports, sells, and offers to sell and/or collaborates with its affiliates to operate as a unitary business venture to manufacture, import, offer to sell, and sell the Infringing Products in or into the United States, including this Judicial District (Collin County, Texas) via Amazon, and continues to do so.

8.      The distinctive internal configuration and magnetic assembly methods claimed in the Asserted Patents are unique to Toylogy's products, and DL's blatant copying of the patented structures protected under the Asserted Patents is likely to mislead consumers into believing that DL's  Infringing Products originate from, are affiliated with, or are authorized by CHEN. DL targets consumers in this Judicial District and throughout the United States. E-commerce sales, including those made through DL's Amazon storefront, have resulted in a sharp increase in the shipment of unauthorized product into the United States. *See* **Exhibit 1**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*. According to Customs and Border Protection's ("CBP") report, over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id*.

9.      DL has deliberately concealed its identity by providing false registration information. The address listed on its Amazon profile does not belong to DL. By furnishing inaccurate corporate details and obscuring its actual business location, DL has made it impossible for CHEN to confirm its identity or effect proper notice of this action.

10.      DL has designed its Amazon storefront to appear to be offering genuine products while, in fact, selling unauthorized imitations of CHEN's patented product. DL's tactics—including the use of false registration information and concealment of its true identity—make it difficult for Chen to ascertain the full scope of DL's infringing operations.

11.     Marketplace platforms such as Amazon do not adequately verify or confirm the identities of new sellers, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 2**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L.BUS. 157, 186 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id*. at 25. As a result of the lack of regulation, DL is able to and do generate sales from Texas residents by establishing and operating e-commerce stores that specifically target U.S. consumers using various aliases. DL's Amazon storefront offers shipping to the United States, including Texas, accepts payments in U.S. dollars, and has sold the Infringing Products to residents of Texas.

12.     Through its unlawful activities on the Amazon storefront, DL is actively and directly participating in the sale of the Infringing Products.

13.     DL's acts complained of herein have caused CHEN to suffer actual damages and irreparable injury to her business. CHEN will continue to suffer substantial loss and irreparable injury unless and until DL is enjoined from its wrongful actions.

## THE PARTIES

14.     CHEN is an individual residing in Guangdong, China, selling high-quality magnetic building block toys under the brand name "Toylogy." CHEN operates a web store on Amazon.com and her official website, https://magworldtoys.com, where she markets and sells her products to customers across the United States. Through her Amazon store and official website, CHEN has built a reputable business, offering products known for their unique design, innovation, and reliability. CHEN's products have gained a strong following and enjoy significant commercial success due to their distinctive design and functionality.

15.     DL is a business entity organized and existing under the laws of China. DL conducts

business throughout the United States, including within the State of Texas and in this Judicial District, through the operation of an interactive Amazon storefront and multiple product listings. DL targets the United States, including Texas, and has offered to sell and has sold, and continues to sell, products that infringe upon Chen's intellectual property rights (the "Infringing Products") to consumers within the United States, specifically including Texas and the Eastern District of Texas.

16.    DL operates an Amazon storefront under the name "DOLLARSIGN LIMITED." The Infringing Products are sold through multiple Amazon listings, including but not limited to the following ASINs: B0D9Y1HZS2, B0DFM8YCKF, B0D28Y78CL, B0DFMDG837, B0CZNY3NYV, B0DCGB3ZZ1, B0DPCC9CH4, B0CZP1441S, B0DNFG8VJ3, B0DPJTFSHX, B0DR89YNR4, B0DRS9PVW9, B0DRS9D6Q1, B0DPWV9V99, B0F1TCS74W, B0F29J4BCJ, B0CK49815K, B0DHKTH74D, B0FB39JVZN, B0FL23Z37L, B0FL731RV2, B0FJFNR9ZY, B0FL26FPC2, B0FL252L1X, B0FLXXJFH9, B0F7R34D1D, B0F5WFP7LV, B0F3ZMV2M4, B0F2G8YNX5, B0DR2TDZW7.

17.    DL has deliberately concealed its identity by providing false registration information. On Amazon, DL identifies itself as "DOLLARSIGN LIMITED" and lists its business address as "Room 517, New City Centre, 2 Lei Yue Mun Road, Kwun Tong, Kowloon, HK." CHEN's investigation confirmed that this address does not belong to DL. Because DL provides false information regarding both its name and address, Chen cannot ascertain DL's true identity or effect service in the near future through the contact details DL disclosed.


## JURISDICTION AND VENUE

18.    CHEN brings this action under the patent laws of the United States. 35 U.S.C. §§ 1, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

19.     This Court has personal jurisdiction over DL. DL has established minimum contacts with both the United States and Texas such that subjecting DL to personal jurisdiction in this District will not offend traditional notions of fair play and substantial justice. DL has purposely availed itself of the laws and protections of the United States and Texas, through its interactive Amazon storefront. It knowingly offers for sale, sells, imports, and uses the infringing magnetic building block products covered by the '622 Patent in the United States, Texas, and this District. *See* **Exhibit 1**. As such, personal jurisdiction is appropriate because DL is committing infringing acts within Texas and has caused substantial injury to CHEN's intellectual property rights in the State of Texas.

20.     Alternatively, personal jurisdiction over DL is proper under Fed. R. Civ. P. 4(k)(2).[1] On information and belief, DL is not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of such jurisdiction is consistent with the United States Constitution and laws. Because DL directs its commercial activities at residents of the United States, personal jurisdiction is proper under Rule 4(k)(2).

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) as DL is a foreign entity not residing in the United States and, therefore, may be sued in any judicial district.

## THE ASSERTED PATENTS

22.     The '622 Patent – titled "MAGNETIC SUCTION BUILDING BLOCK" – was duly and legally issued by the USPTO on September 26, 2023. CHEN is the assignee and holder

---

[1] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rathis than the "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

of all rights, title, and interest in the '622 Patent, including, without limitation, all rights to sue for damages for infringement thereof. A true and correct copy of the '622 Patent is attached herein. Ex. 3.

23.     The '182 Patent – titled "MAGNETIC SUCTION BUILDING BLOCK" was duly and legally issued by the USPTO on November 26, 2024. CHEN is the assignee and holder of all rights, title, and interest in the '182 Patent, including, without limitation, all rights to sue for damages for infringement thereof. A true and correct copy of the '182 Patent is attached herein. Ex. 4.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 11,766,622

24.     CHEN incorporates by reference all the foregoing paragraphs as if fully set forth herein.

25.     The '622 Patent relates to magnetic building blocks with various stacking methods.

26.     On information and belief, in violation of 35 U.S.C. § 271(a), DL has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) two or more claims of the '622 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing Products.

27.     For example, DL, alone or in collaboration with its affiliates, offers to sell and sells the Infringing Products to customers located in the United States. *See* Ex. 5.

28.     Additionally and alternatively, in violation of 35 U.S.C. § 271 (b), DL, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe two or more of the claims of the '622 Patent, as detailed below.

29.     Additionally and alternatively, in violation of 35 U.S.C. § 271 (c), DL, alone and/or

in collaboration with its affiliates, has contributed to the infringement of two or more of the claims of the '622 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing Products, as detailed below.

30.    DL's infringement is continuing.

31.    As one non-limiting example, the Infringing Products infringe Claim 1 and Claim 4 of the '622 Patent. *See* Ex. 6 (Claim chart for '622 Patent).

32.    On information and belief, despite knowing of the '622 Patent, DL, alone or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '622 Patent. In particular, on information and belief, DL had knowledge of, or was willfully blind to, the '622 Patent since at least October 18, 2024, as CHEN marked the patent number on the product's manual. DL intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) two or more claims of the '622 Patent by importing into the United States.

33.    CHEN is entitled to recover from DL all damages CHEN has sustained because of DL's infringement, including, without limitation, reasonable royalties and lost profits.

34.    DL's infringement has been and continues to be willful and deliberate, entitling CHEN to enhanced damages.

35.    DL's infringement is exceptional and entitles CHEN to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. 12,151,182**

36.    CHEN incorporates by reference all the foregoing paragraphs as if fully set forth herein.

37.    The '182 Patent relates to magnetic building blocks with various stacking methods.

38.    On information and belief, in violation of 35 U.S.C. § 271(a), DL has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) two or more claims of the '182 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing Products.

39.    For example, DL, alone or in collaboration with its affiliates, offers to sell and sells the Infringing Products to customers located in the United States. *See* Ex. 5.

40.    Additionally and alternatively, in violation of 35 U.S.C. § 271 (b), DL, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe two or more of the claims of the '182 Patent, as detailed below.

41.    Additionally and alternatively, in violation of 35 U.S.C. § 271 (c), DL, alone and/or in collaboration with its affiliates, has contributed to the infringement of two or more of the claims of the '182 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing Products, as detailed below.

42.    DL's infringement is continuing.

43.    As one non-limiting example, the Infringing Products infringe Claim 1 and Claim 7 of the '182 Patent. *See* Ex. 7 (Claim chart for '182 Patent).

44.    On information and belief, despite knowing of the '182 Patent, DL, alone or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '182 Patent. In particular, on information and belief, DL had knowledge of, or was willfully blind to, the '182 Patent since at least October 18, 2024, as CHEN marked the patent number on the product's manual. DL intentionally causes, urges, or encourages manufacturers, shippers,

distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) two or more claims of the '182 Patent by importing into the United States.

45.    CHEN is entitled to recover from DL all damages CHEN has sustained because of DL's infringement, including, without limitation, reasonable royalties and lost profits.

46.    DL's infringement has been and continues to be willful and deliberate, entitling CHEN to enhanced damages.

47.    DL's infringement is exceptional and entitles CHEN to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285

### Prayer For Relief

WHEREFORE, Plaintiff CHEN respectfully prays for:

A.    That judgment be entered that DL has infringed at least one or more claims of the Asserted Patents, literally and/or under the doctrine of equivalents;

B.    An injunction enjoining DL, its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with DL, and its parents, subsidiaries, divisions, successors, and assigns, from further infringement of the Asserted Patents.

C.    An award of damages sufficient to compensate CHEN for DL's infringement under 35 U.S.C. § 284.

D.    Entry of an Order that, upon CHEN's request, any third party with actual notice of the Order who is providing services for the DL, or in connection with any of the DL's online marketplaces, including without limitation, any Third Party Providers shall:

1.    disable and cease providing services for any accounts through which DL engages in the sale of the Infringing Products or other products that are not colorably different from such products;

2.    disable and cease displaying any advertisements used by or associated

with DL in connection with the sale of the Infringing Products or other products that are not colorably different from such product;

3.    take all steps necessary to prevent links to DL's online marketplace accounts identified in this Complaint and accompanying exhibits, including DL's Amazon product listing at:

- https://www.amazon.com/dp/B0D9Y1HZS2
- https://www.amazon.com/dp/B0DFM8YCKF
- https://www.amazon.com/dp/B0D28Y78CL
- https://www.amazon.com/dp/B0DFMDG837
- https://www.amazon.com/dp/B0CZNY3NYV
- https://www.amazon.com/dp/B0DCGB3ZZ1
- https://www.amazon.com/dp/B0DPCC9CH4
- https://www.amazon.com/dp/B0CZP1441S
- https://www.amazon.com/dp/B0DNFG8VJ3
- https://www.amazon.com/dp/B0DPJTFSHX
- https://www.amazon.com/dp/B0DR89YNR4
- https://www.amazon.com/dp/B0DRS9PVW9
- https://www.amazon.com/dp/B0DRS9D6Q1
- https://www.amazon.com/dp/B0DPWV9V99
- https://www.amazon.com/dp/B0F1TCS74W
- https://www.amazon.com/dp/B0F29J4BCJ
- https://www.amazon.com/dp/B0CK49815K
- https://www.amazon.com/dp/B0DHKTH74D
- https://www.amazon.com/dp/B0FB39JVZN

- https://www.amazon.com/dp/B0FL23Z37L

- https://www.amazon.com/dp/B0FL731RV2

- https://www.amazon.com/dp/B0FJFNR9ZY

- https://www.amazon.com/dp/B0FL26FPC2

- https://www.amazon.com/dp/B0FL252L1X

- https://www.amazon.com/dp/B0FLXXJFH9

- https://www.amazon.com/dp/B0F7R34D1D

- https://www.amazon.com/dp/B0F5WFP7LV

- https://www.amazon.com/dp/B0F3ZMV2M4

- https://www.amazon.com/dp/B0F2G8YNX5

- https://www.amazon.com/dp/B0DR2TDZW7

from appearing in search results, including, but not limited to, removing links to the URLs from any search index.

E.    A finding that DL's infringement was willful;

F.    That the case be found exceptional under 35 U.S.C. § 285 and that CHEN be awarded reasonable attorneys' fees;

G.    Costs and expenses in this action;

H.    An award of prejudgment and post-judgment interest;

I.    That this Court, if it declines to enjoin DL from infringing the Asserted Patents, award damages for future infringement in lieu of an injunction; and

J.    Such other and further relief as the Court may deem just and proper.

## **Demand For Jury Trial**

48.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CHEN respectfully demands a trial by jury on all issues so triable.

Dated: Oct 24, 2025                    Respectfully submitted,

                                               By: */s/ Shaoyi Che*
                                               Shaoyi Che
                                               Tianqin Zhao
                                               YoungZeal LLP
                                               9355 John W. Elliott Dr, Ste 25555
                                               Frisco, TX 75033
                                               Telephone: (717) 440-3382
                                               che@yzlaw.com
                                               zhao@yzlaw.com
                                               **ATTORNEYS FOR PLAINTIFF PEIXIA CHEN**

## CERTIFICATE

I, Peixia Chen, confirm that the foregoing factual allegations are an accurate reflection of my statements provided to my attorneys.

*Peixia Chen*

Peixia Chen